87 F.3d 1324
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jessie Lee MATTHEWS, Jr., Defendant-Appellant.
 No. 94-50630.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 19, 1996.
 
 Before: CANBY, NOONAN and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jessie Lee Matthews appeals his conviction and 300-month sentence for possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) and using or carrying a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). Matthews contends that: (1) the evidence was insufficient to prove that he used or carried a firearm in light of Bailey v. United States, 116 S.Ct. 501 (1995); (2) he was entrapped as a matter of law; (3) the district court erroneously reinstructed the jury; and (4) the district court erred in declining to depart downward for sentencing entrapment.[1] We have jurisdiction pursuant to 18 U.S.C. § 1291, and we affirm.
 
 
 3
 * Sufficiency of the Evidence
 
 
 4
 In reviewing the sufficiency of evidence, this court affirms if, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. United States v. McClelland, 72 F.3d 717, 722-23 (9th Cir.1995), cert. denied, 116 S.Ct. 1448 (1996).
 
 A. Using or Carrying a Firearm
 
 5
 Matthews contends that the evidence is insufficient to convict him of using or carrying a firearm in violation of 18 U.S.C. § 924(c)(1) in light of Bailey v. United States, 116 S.Ct. 501 (1995). This contention lacks merit.
 
 
 6
 "The Supreme Court ... recently held the term 'use' requires proof that 'the defendant actively employed the firearm during and in relation to the predicate crime.' " United States v. Davis, 76 F.3d 311, 314 (9th Cir.1996) (quoting Bailey, 116 S.Ct. at 509). "The mere possession or presence of a firearm which serves to embolden or protect a defendant is not sufficient to constitute use of the firearm. A defendant does use a firearm, however, if he displays or brandishes it." Id. at 314-315 (citations omitted). To be convicted of "carrying" a firearm, "the defendant must have transported the firearm on or about his or her person." United States v. Hernandez, 80 F.3d 1253, 1258 (9th Cir.1996). We have recently clarified that a defendant "carries" a firearm when it is located in the glove compartment of a vehicle, because it is "within reach and immediately available for use." United States v. Staples, No. 95-30274, slip op. at 6758 (9th Cir. June 7, 1996).
 
 
 7
 Here, a handgun was found on the passenger seat of Matthews' van. Two federal agents testified, however, that the gun was not discovered until Matthews' van was searched, after Matthews had been arrested. In addition, it is apparent from his testimony that Marlon Mack, the government informant who made the actual cocaine purchase from Matthews, neither saw nor was aware of the gun's existence. Thus, Matthews did not "use" the firearm within the meaning of section 924(c)(1). See Davis, 76 F.3d at 314. Because, however, the firearm was next to Matthews on the passenger seat of his van and was thus "within reach and immediately available for use," we affirm Matthews conviction under the "carry" prong of section 924(c)(1). See Staples, slip op. at 6758.
 
 B. Entrapment
 
 8
 Matthews contends that he was entrapped as a matter of law. Specifically, Matthews argues that the evidence was insufficient to show that he was predisposed to commit the crack cocaine sale. We disagree.
 
 
 9
 "A defense of entrapment has two elements: government inducement of the crime and the absence of predisposition on the part of the defendant." McClelland, 72 F.3d at 722-23 (quotations omitted). "Where the government has induced an individual to break the law and the defense of entrapment is at issue, the prosecution must prove beyond a reasonable doubt that the defendant was predisposed to commit the crime prior to first being approached by government agents." United States v. Davis, 36 F.3d 1424, 1430 (9th Cir.1994), cert. denied, 115 S.Ct. 1147 (1995). In analyzing whether a defendant is predisposed, we look at five factors: "1) the character and reputation of the defendant; 2) whether the government made the initial suggestion of criminal activity; 3) whether the defendant engaged in the activity for profit; 4) whether the defendant showed any reluctance; and 5) the nature of the government's inducement." McClelland, 72 F.3d at 722. "Although none of these factors is controlling, the defendant's reluctance to engage in the criminal activity is the most important." Id. "Inducement can be any government conduct creating a substantial risk that an otherwise law-abiding citizen would commit an offense...." Davis, 36 F.3d at 1430.
 
 
 10
 Viewed in the light most favorable to the government, there was sufficient evidence at trial to allow a reasonable jury to find beyond a reasonable doubt that Matthews was predisposed to commit the crime. See McClelland, 72 F.3d 717, 722-23. Matthews had previously been convicted of a felony drug offense involving the sale of crack cocaine and admitted on the stand that prior to this conviction he had sold drugs numerous times. He also testified that he engaged in the sale for profit. Thus, the first and third factor weigh in favor of the government. See id. at 722. In addition, the fourth factor weighs in favor of the government. Although Matthews testified that he was reluctant to sell crack cocaine to the government informant, the jury heard tapes of Matthews conducting the drug sale negotiations without reluctance. See id. Next, it is undisputed that the informant approached Matthews about selling crack cocaine. This factor weighs in favor of Matthews. See id. Finally, viewed in the light most favorable to the government, the fifth factor also weighs in favor of the government. Although, Matthews received $300 from the sale of three ounces of crack cocaine, this is not the type of inducement that can be said to create "a substantial risk that an otherwise law-abiding citizen would commit [this] offense." See Davis, 36 F.3d at 1430. Because four of the five factors, including the most important factor, weigh in favor of the government, the jury could have properly found that Matthews was predisposed to sell crack cocaine. See McClelland, 72 F.3d at 722.
 
 II
 Entrapment Instruction
 
 11
 Matthews contends that the court's answer to a question from the jury allowed the jury to find that Matthews was predisposed to commit the crime solely on the basis of his admitted prior drug dealings. The record belies this contention.
 
 
 12
 "Whether a jury instruction properly states the law of entrapment is a pure question of law subject to de novo review." United States v. Sterner, 23 F.3d 250, 251 (9th Cir.1994) (citation omitted).
 
 
 13
 Here, the jury sent a note to the judge during deliberations asking "[c]an the defendant's admission of cocaine sales prior to his 1988 conviction serve as a predisposition?" The judge responded:
 
 
 14
 In evaluating predisposition prior to contact with law enforcement officers you may consider five factors: (1) the character and reputation of the defendant; (2) whether the government made the initial suggestion of criminal activity; (3) whether the defendant engaged in the activity for profit; (4) whether the defendant showed any reluctance; and (5) the nature of the government's inducement. The evidence which you have asked about specifically in your note is one item to be considered in evaluating these factors. You should consider all the evidence.
 
 
 15
 The court's reply was an accurate statement of the law. See United States v. Jackson, 72 F.3d 1370, 1378 (9th Cir.1995), cert. denied, 116 S.Ct. 1546 (1996) (noting that similar previous conviction was strong evidence of predisposition). In addition, a plain reading of the court's reply belies Matthews argument that the jury was misled.[2]
 
 III
 Sentencing Entrapment
 
 16
 Matthews next argues that he should have received a downward departure on the basis of sentencing entrapment. This contention lacks merit.
 
 
 17
 A district court's discretionary decision not to depart downward from the Sentencing Guidelines is not subject to review on appeal. United States v. Eaton, 31 F.3d 789, 792 (9th Cir.1994). If, however, a district court decides not to depart based on the belief that it lacks the legal authority to do so, we treat the district court's decision as an interpretation of the Sentencing Guidelines and review it de novo. Id. at 793. Sentencing entrapment occurs when a defendant, although predisposed to commit a minor or lesser offense, is entrapped into committing a greater offense subject to greater punishment. United States v. Staufer, 38 F.3d 1103, 1106 (9th Cir.1994). We have previously held that sentencing entrapment is a valid basis for departure. See id. at 1108.
 
 
 18
 Here, the district court recognized sentencing entrapment as a valid basis for downward departure, but declined to depart downward. Because the district court's decision not to depart downward was within its discretion, that decision is not reviewable on appeal. See Eaton, 31 F.3d at 792.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Matthews' motion to file a supplemental brief is granted
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Matthews' contention that the district court erred by denying his motion for discovery based on selective prosecution is foreclosed by United States v. Armstrong, 116 S.Ct. 1480 (1996)
 
 
 [2]
 Any misapprehension in the jurors minds on the basis of the prosecution's argument on the issue of predisposition was cured by the district court's subsequent admonishment "that the defendant's prior felony narcotics conviction standing alone just taken by itself, that 1988 conviction taken by itself, does not establish the defendant's predisposition to commit the crime charged."